IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 09-02046 (BWB) (Jointly Administered) Chapter 11 |
| XMH CORP. 1 (f/k/a Hartmarx Corporation), et al., | ) ) ) | Hon. Bruce W. Black |
| Debtors.[1] | ) ) ) |  |

**ORDER UNDER 11 U.S.C. § 1121(d) EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF PLAN**

This matter having come before the Court on the motion, dated December 7, 2009 (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (the "Debtors"), for entry of an order under Bankruptcy Code section 1121(d) extending the exclusive periods during which debtors may file and solicit acceptances of plan; and a limited objection (Docket No. 978) (the "Objection") to the Motion having been filed by the statutory committee of unsecured creditors (the "Creditors' Committee"); and the Court having reviewed the Motion and the Objection and considered the arguments of counsel; and the Court having previously entered an order (Docket No. 997) granting, in part, the Motion and continuing the hearing on the remainder of the Motion and Objection; and the Court having determined that the remainder of the relief requested in this Motion, to the extent granted herein, is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record

---

[1] A list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-02046 (BWB) (Docket No. 874) and can also be found at www.kccllc.net/hartmarx.

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1

herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors' exclusive period to file a Plan is extended to and including March 22, 2010.

3. The Debtors' exclusive period to solicit acceptance of a Plan is extended to and including May 21, 2010.

4. The Debtors and the Creditors' Committee have agreed to cooperate in connection with the formulation of a joint Plan. In the event that the Creditors' Committee determines in good faith that there is a material disagreement between the Creditors' Committee and the Debtors with respect to any material provisions relating to the structure of a Plan or a provision that would have a material effect on the interests of the Debtors' unsecured creditors under a Plan, and the parties have been unable to resolve such disagreement following good faith negotiations, then the Creditors' Committee may terminate exclusivity as to the Creditors' Committee only for the sole purpose of the Creditors' Committee filing a competing Plan (but not for the purpose of the Creditors' Committee filing a Plan if the Debtors have not yet filed Plan) by sending notice thereof to the Debtors and filing such notice with this Court. Notwithstanding the foregoing, the Creditors' Committee reserves all rights to seek to terminate exclusivity under section 1121(d) of the Bankruptcy Code and the Debtors reserve all rights to object to any such request.

5. Entry of this Order is without prejudice to (i) the Debtors' right to seek from this Court such additional and further extensions of the Exclusive Periods as may be necessary or

appropriate or (ii) any party in interest's right to seek to reduce the Exclusive Periods for cause in accordance with 11 U.S.C. § 1121(d).

      6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: Chicago, Illinois

FEBRUARY /8, 2010

_____
United States Bankruptcy Judge