IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 09-02046 (CAD) (Joint Administration) Chapter 11 |
| XMH CORP. 1, (f/k/a Hartmarx Corporation), et al., | ) ) ) | Hon. Carol A. Doyle |
| Debtors.¹ | ) ) ) |  |

**ORDER UNDER 11 U.S.C. § 503 AND FED. R. BANKR. P. 9019 (I)
AUTHORIZING THE DEBTORS TO ENTER INTO A SETTLEMENT
AGREEMENT WITH ZURICH AMERICAN INSURANCE COMPANY
AND (II) ALLOWING ZURICH'S ADMINISTRATIVE CLAIM**

Upon the motion (the "Motion")² of XMH Corp., 1 (f/k/a Hartmarx Corporation) ("XMH") and 50 of its subsidiaries, debtors and debtors-in-possession (collectively, the "Debtors")for entry of an order under 11 U.S.C. § 502 and rule 9019 of the Bankruptcy Rules (i) (i) authorizing XMH, on behalf of itself and each of the Debtors, to enter into a Settlement Agreement, the form of which is attached hereto as Exhibit A (the "Settlement Agreement"), with Zurich American Insurance Company ("Zurich") and (ii) allowing Zurich's administrative claim; and the Court having reviewed the Motion and having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

---

1   A list of the Debtors, their addresses and tax identification numbers is located on the docket for Case No. 09-02046 (CAD) (Docket No. 874) and can also be found at www.kccllc.net/hartmarx.

2   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is GRANTED, as set forth herein.

2. The Settlement Agreement is approved in its entirety as a fair, equitable, prudent and reasonable compromise of the controversies and claims resolved thereby.

3. The Debtors are authorized to perform all actions necessary to implement the terms of the Settlement Agreement.

4. Zurich is granted an allowed administrative claim under section 503(b)(1) of the Bankruptcy Code in the amount of $250,000, which the Debtors are authorized to pay in accordance with the terms of the Settlement Agreement.

5. This Order shall be binding upon any successors and assigns of the Debtors, including without limitation, any trustee appointed for any of the Debtors in these Chapter 11 Cases or in any superseding proceeding under chapter 7 of the Bankruptcy Code.

6. All objections, if any, to the entry of this Order, to the extent not waived or resolved, are overruled.

7. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: Dec. 13, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A – Settlement Agreement

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement") is entered into as of November __, 2011 by and between Zurich American Insurance Company and its subsidiaries and affiliated companies ("Zurich"), XMH Corp. 1, f/k/a Hartmarx Corporation, and certain of its affiliates and subsidiaries (collectively, "Hartmarx"; and collectively Zurich and Hartmarx shall be referred to as the "Parties," and each a "Party"), who hereby covenant and agree as follows:

### RECITALS

WHEREAS, Zurich issued certain workers compensation and employers' liability, automotive liability and general liability insurance policies to Hartmarx for the periods from November 30, 2001 through November 30, 2009 (the "Policies"); and

WHEREAS, in connection with the Policies, Zurich and Hartmarx entered into a Deductible and Paid Loss Retrospective Rating Agreement and specifications thereto, that govern, among other things, Hartmarx's payment obligations to Zurich ("Deductible Agreement"; and together with the Policies, the "Insurance Agreements"); and

WHEREAS, to secure Hartmarx's obligations under the Insurance Agreements, Hartmarx made Zurich the beneficiary of a letter of credit (the "Letter of Credit") in the amount of $4,705,000.00; and

WHEREAS, on January 23, 2009 (the "Petition Date"), Hartmarx filed voluntary petitions for reorganization relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois (the "Court")[1]; and

---

[1] A list of the Hartmarx debtors can be found at www.kccllc.net/hartmarx.

WHEREAS, Hartmarx continues to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, this Court has ordered joint administration of these chapter 11 cases (the "Chapter 11 Cases"); and

WHEREAS, on January 30, 2009, the Office of the United States Trustee for the Northern District of Illinois appointed a statutory committee of unsecured creditors (the "Creditors' Committee"); and

WHEREAS, to date, no trustee or examiner has been appointed in the Chapter 11 Cases; and

WHEREAS, on February 18, 2009, Zurich filed proofs of claim in unliquidated amounts against fifteen debtors in the Chapter 11 Cases (the "Zurich Proofs of Claim") [Claims 85, 86, 87, 112, 186, 264, 265, 266, 270, 271, 272, 273, 274, 275, and 276]; and

WHEREAS, On August 4, 2009, Zurich filed an Application for Payment of Administrative Claim in the amount of $1,637,240 (the "Original Administrative Claim") for amounts due with respect to the Deductible Agreements [Dkt. 736]; and

WHEREAS, on August 22, 2009, Zurich drew on the Letter of Credit in the amount of $4,705,000.00; and

WHEREAS, on October 9, 2009, Zurich filed an administrative claim request in the amount of $14,233 [Claim 2828] (the "Zurich Administrative Claim Request"); and

WHEREAS, on February 7, 2011, Zurich filed an Amended Application for Payment of Administrative Claim in the amount of $985,885 (the "Amended Administrative Claim," and collectively with the Original Administrative Claim, the "Zurich Claim") [Dkt. 1718]; and

WHEREAS, Hartmarx and Zurich wish to resolve their disputes and to release any claims the Parties may have against one another pursuant to the terms of this Agreement;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement, the sufficiency of which Zurich and Hartmarx acknowledge, the Parties hereby agree as follows:

1. The foregoing recitals are incorporated herein as if fully set forth in the text of the Agreement.

2. Hartmarx's entry into this Agreement shall be subject to approval of the Court. Within five (5) business days after the execution of this Agreement by each of the Parties, Hartmarx shall file a motion with the Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking an order approving this Agreement (the "Approval Order").

3. The Zurich Claim shall be allowed as an administrative claim in the Chapter 11 Cases in the amount of $250,000.00 (two-hundred-fifty-thousand dollars and no cents).

4. Within five (5) business days after the Approval Order becomes final and non-appealable due to passage of time or, if appealed by any party, is fully and finally affirmed by the appellate court(s) with no possibility of further appeal, Hartmarx shall remit to Zurich partial payment of the Zurich Claim in the amount of $195,000.00 (one-hundred-ninety-five-thousand dollars and no cents) (the "Initial Payment"), leaving a balance due Zurich for its administrative claim of $55,000 (the "Zurich Remaining Administrative Claim")

5. After the Initial Payment, prior to confirmation of a plan of reorganization in the Chapter 11 Cases, Hartmarx shall pay the Zurich Remaining Administrative Claim on a *pro rata* basis as the allowed administrative expenses of the professionals of Hartmarx and the Creditors' Committee are paid, provided, however, that the unpaid balance of the Zurich Administrative

3

Claim shall be paid in full on the effective date of any plan of reorganization confirmed in the Chapter 11 cases.

6. After the Initial Payment, the Zurich Proofs of Claim and the Zurich Administrative Claim Request shall be deemed withdrawn with prejudice.

7. Except as provided for herein, Hartmarx hereby releases and forever discharges Zurich and all its affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, whether or not now or heretofore known, suspected, or claimed against Zurich, relating to the Insurance Agreements, the Zurich Claim, the Letter of Credit, and any claims under any of the avoidance provisions of the Bankruptcy Code, *provided, however*, that Zurich will continue to defend and pay all claims insured under the Policies in accordance with the terms, conditions, limitation and exclusions of the Policies and the applicable law; and *provided further*, that this section shall not release Zurich from any obligations or liabilities created by this Agreement.

8. Except as provided for herein, Zurich hereby releases and forever discharges Hartmarx and all its affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past or present, in contract, in tort or otherwise, whether or not now or heretofore known, suspected, or claimed against Hartmarx relating to the Insurance Agreements,

4

the Zurich Proofs of Claim, and the Zurich Claim; provided, however, that this section shall not release Hartmarx from any obligations or liabilities created by this Agreement.

9. This Agreement shall be interpreted and governed by the laws of the State of New York, without regard to principles of conflicts of law. In the event that this paragraph is deemed unenforceable in any judicial, arbitration or governmental proceeding, the remaining provisions of this Agreement shall remain in full force and effect.

10. Each Party hereto shall have the right at any time to enforce the provisions of this Agreement in strict accordance with the terms hereof, notwithstanding any conduct or custom on the part of such Party in refraining from so doing at any time or times. The failure of any Party at any time or times to enforce its rights under such provisions shall not be construed as having created a custom in any way or manner contrary to specific provisions of this Agreement or as having in any way or manner modified or waived the same.

11. Any notices or consents required or permitted by this Agreement shall be in writing and shall be deemed delivered if delivered in person or if sent by telecopier, certified mail, postage prepaid, return receipt requested, or telegraph, as follows, unless such address is changed by written notice hereunder:

If to Zurich:        c/o Margaret M. Anderson
                     Fox, Hefter, Swibel, Levin & Carroll, LLP
                     200 West Madison Street, Suite 3000
                     Chicago, IL 60606
                     Ph: 312-224-1224
                     Fx: 312-224-1201

If to Hartmarx:      c/o George N. Panagakis
                     Skadden, Arps, Slate, Meagher & Flom LLP
                     155 North Wacker Drive, Suite 2800
                     Chicago, Illinois 60606
                     Ph: 312-407-0700
                     Fx: 312-407-8586

12. Hartmarx represents and warrants that:

(a) it has been advised by counsel in the negotiation, execution and delivery of this Agreement and the releases herein;

(b) upon entry of the Approval Order, it is duly authorized to enter into, execute, deliver and perform this Agreement and to give the releases set forth herein; and

(c) it has voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Agreement.

13. Zurich represents and warrants that:

(a) it has been advised by counsel in the negotiation, execution and delivery of this Agreement and the releases herein;

(b) it is duly authorized to enter into, execute, deliver and perform this Agreement and to give the releases set forth herein; and

(c) it has voluntarily, with full knowledge and without fraud, coercion, duress or undue influence of any kind, entered into this Agreement.

14. The Agreement contains the entire agreement between the Parties as respects its subject matter. All discussions and agreements previously entertained between the Parties concerning the subject matter of the Agreement are merged into this Agreement. This Agreement may not be modified or amended, nor any of its provisions waived, except by an instrument in writing, signed by all Parties hereunder.

15. This Agreement and any amendment hereto may be executed in several counterparts and by each Party on a separate counterpart, each of which, when so executed and delivered shall be an original, but all of which together shall constitute but one and the same instrument. In proving this Agreement, it shall not be necessary to produce or account for more than one such counterpart signed by the Party against whom enforcement is sought. A facsimile signature shall be treated as an original signature.

16.  This Agreement shall be binding upon all successors and assigns of each of the Parties to the Agreement.

17.  The Court shall retain jurisdiction over the Parties to hear and determine any matter arising from or related to the making, interpretation, and enforcement of this Agreement.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the day and date first written above.

ZURICH AMERICAN INSURANCE COMPANY, on behalf of itself, its subsidiaries, and its affiliated entities

By: *[signature]*
Name:

Its:

XMH CORP. 1, f/k/a HARTMARX CORPORATION, on behalf of itself and its affiliated debtors

By: *[signature]*
Name: TARAS R. PROCZKO

Its: EVP

8